Joseph J. Vidmar v. Commissioner.
Vidmar v. Commissioner
Docket No. 35043.
United States Tax Court
1952 Tax Ct. Memo LEXIS 115; 11 T.C.M. (CCH) 854; T.C.M. (RIA) 52248; August 5, 1952
William A. Vidmar, Esq., 1005 Hippodrome Bldg., Cleveland, Ohio, for the petitioner. Charles Speed Gray, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined a deficiency of $157.14 in petitioner's income tax for 1947. Petitioner alleges error as to three items. In the first item, petitioner claims that in computing his opening inventory for a newly-established liquor business he is entitled to take up the sum *116 of $500 on account of 10 cases of "off brands" of liquor which he personally had on hand from a previous business venture. Such liquor was kept in his cellar at home and transferred to his new business as needed. He claims the liquor was reasonably worth $50 per case. Respondent refused to allow the $500 worth of liquor as part of petitioner's opening inventory. Although the proof is somewhat scanty, we are satisfied that respondent erred in such determination. The record reasonably establishes that the facts were as alleged by petitioner. Accordingly, on this item we reverse the respondent's action. Petitioner next claimed a loss of $462.50 incurred in connection with the acquisition of a new automobile. Petitioner had a 1938 Cadillac automobile, purchased in 1944 for $1,800. In 1947 he acquired a new Cadillac at a stated cost of $4,150. In negotiating the purchase and sale, petitioner turned in the old car and was allowed $275 on account thereof, paying the balance in cash. Petitioner claims that the purchase of a new automobile and the disposition of the old automobile were two separate transactions. The record does not support him. The old car was turned in as part payment on *117 the new car. It had a depreciated cost of $1,200. The difference between this figure and $275 allowed as credit is $925. Petitioner charged half of this sum to personal use and claimed the other half ($462.50) as a loss attributable to business. Under the provisions of Section 112 (b) (1), I.R.C. and Regulations 111, Sec. 29.112(b) (1)-1, no gain or loss is allowable on account of such an exchange. See National Outdoor Advertising Bureau, Inc., 32 B.T.A. 1025, at 1035, where the precise question is presented on comparable facts. Respondent is sustained. The third issue poses the question whether a taxpayer who filed a timely return for 1947 in which he elected to take the standard deduction provided by section 23 (aa), I.R.C., may revoke this election by an amended return filed after the due date and claim a specific deduction for interest paid. The statute, as amended by the Revenue Act of 1944, is specific and provides in section 23 (aa) (3) (C) "If the taxpayer does not signify, * * * his election to take the standard deduction, it shall not be allowed. If he does so signify, such election shall be irrevocable." In his *118 return for 1947, filed March 15, 1948, petitioner elected to take the standard deduction. On January 17, 1949, petitioner filed an amended return claiming a specific deduction for interest paid. Respondent held that petitioner, having made the election of the standard deduction, could not change such election. Such was the law at that time. Petitioner argues that the law has since been changed by the Revenue Act of 1951 and that it is inequitable to apply the statute as it stood in 1947. The Act itself answers this argument by providing that the amendments shall apply only with respect to taxable years beginning after December 31, 1949. On this item respondent is sustained. Decision will be entered under Rule 50.